UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| RUDY BUTCH STANKO,<br><br>    Plaintiff,<br><br> vs.<br><br>OGLALA SIOUX TRIBE PUBLIC SAFETY DIVISION OF THE OGLALA SIOUX TRIBE; JESSE RED WING, individually and in his official capacity as an Oglala Sioux Tribal Public Safety Officer; SHANE RICHARDS, individually and in his official capacity as an Oglala Sioux Tribal Correctional Officer; JOHNNY HUSSMAN, individually and in his official capacity as an Oglala Tribal Judge; and HEATHER PATTON, individually and in her official capacity as an Oglala Tribal Criminal Court Clerk,<br><br>    Defendants. | CIV. 21-5085-JLV<br><br><br><br>ORDER |

  On November 30, 2021, Plaintiff Rudy Butch Stanko, appearing *pro se*, filed a complaint against the defendants requesting money damages, a declaratory judgment and injunctive relief. (Docket 1). With the complaint, Mr. Stanko filed an objection and affidavit seeking an exception to the doctrine of tribal exhaustion. (Dockets 2 & 3). On December 3, 2021, Mr. Stanko filed certifications of proof of service for all five defendants. (Docket 6). On December 23, 2021, Mr. Stanko filed a petition for an immediate temporary injunction hearing together with a proposed order and an "ORDER TO

EXCLUDE" exhibit issued by the Chief Judge of the Oglala Sioux Tribal Court. (Dockets 7, 7-1 & 7-2).  On that date, Mr. Stanko filed an affidavit in support of injunctive relief, a brief in support of injunction and an exhibit.  (Dockets 8, 8-1 & 9).  On January 5, 2022, plaintiff filed a request for a hearing on the petition for immediate temporary injunction.  (Docket 10).

It is incumbent upon the court to determine whether it has jurisdiction over any or all of a plaintiff's alleged causes of action.  "[S]overeign immunity is a 'threshold jurisdictional matter' and a 'jurisdictional prerequisite.' . . . [which may be] raised *sua sponte* by the court."  Amerind Risk Management Corp. v. Malaterre, 633 F.3d 680, 686 (8th Cir. 2011).

Mr. Stanko asserts claims under the Civil Rights Act, 42 U.S.C. § 1983,[1] and 28 U.S.C. § 1343, the Indian Civil Rights Act, 25 U.S.C. § 1302 et seq., together with common law torts of theft, assault and battery.  (Docket 1).  Each of these alleged causes of action require a separate analysis to determine whether the court has jurisdiction to resolve plaintiff's claims.

This is not Mr. Stanko's first journey into federal court over allegations against the Oglala Sioux Tribe ("OST") and its tribal officers.  See Stanko v. Oglala Sioux Tribe, CIV. 16-5105 (D.S.D. 2017) ("Stanko I") and Stanko v. Oglala Sioux Tribe, 916 F.3d 694 (8th Cir. 2019) ("Stanko II").  Mr. Stanko's current complaint will be referenced as "Stanko III."

---

[1] The complaint references 42 U.S.C. § 1985 one time, see Docket 1 at p. 1, but states no allegations as to how plaintiff's § 1985(3) rights were allegedly violated.

2

"Because Mr. Stanko is proceeding pro se, his pleading must be liberally construed and his complaint, 'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " Stanko I, Docket 43 at p. 4) (citing Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted)). " '[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers' and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " Id. at pp. 4-5 (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

Before analyzing Mr. Stanko's claims against the named defendants in Stanko III, the court must point out that "as a matter of federal law, the [Oglala Sioux] Tribe is subjected to suit only if Congress has authorized the suit or the tribe has waived its immunity." Stanko II, 916 F.3d at 696 (referencing Amerind Risk Mgmt, 633 F.3d at 685). "[T]he Tribe specifically reserved its right to assert sovereign immunity absent consent in 2001 and reaffirmed tribal immunity in 2015." Id. (referencing OST Ord. No. 01-22 and OST Ord. No. 15-16). In Stanko III, Mr. Stanko has not alleged or made any showing in any of his filings that the Oglala Sioux Tribe waived sovereign immunity since the 2019 decision of the United States Court of Appeals for the Eighth Circuit in Stanko II. "The Tribe is immune from suit." Stanko I, Docket 43 at p. 8 (referencing Santa Clara Pueblo v. Martinez, 436 U.S. 49, 58 (1978); Kiowa Tribe of Oklahoma v.

3

Manufacturing Technologies, Inc., 523 U.S. 751, 754 (1998); Rosebud Sioux Tribe v. A & P Steel, Inc., 874 F.2d 550, 552 (8th Cir. 1989)); see also Stanko II, 916 F.3d at 696-97).

The claims in Stanko III against the OST Public Safety Division fail as a matter of law. "Tribal sovereign immunity extends to tribal agencies." Schmidt v. Fire Thunder, CIV. 05-5097, 2006 WL 8444861, at *3 (D.S.D. May 31, 2006) (referencing Hagen v. Sisseton-Wahpeton Community College, 205 F.3d 1040, 1043 (8th Cir. 2000); Dillon v. Yankton Sioux Tribe Housing Authority, 144 F.3d 581, 583-84 (8th Cir. 1998); aff'd, 272 Fed. Appx. 536 (8th Cir. 2008)). "As a tribal agency, the OST Department of Public Safety is entitled to sovereign immunity." Id.

Mr. Stanko's claims against the named tribal defendants in their official capacities in Stanko III fail as a matter of law. "The Tribe's immunity extends to its officers acting in their official capacities. . . . Plaintiff's claims against the Individual Tribal Defendants in their official capacities function as a suit against the Tribe." Stanko I, Docket 43 at p. 8. See also Stanko II, 916 F.3d at 697 ("A suit against a governmental officer in his official capacity is the same as a suit against the entity of which the officer is an agent.") (internal citation omitted). The same is true in the context of tribal sovereign immunity. Id. (citing Lewis v. Clark, ___ U.S. ___, 137 S. Ct. 1285, 1292 (2017)).

The Stanko III complaint alleges a claim against the individual tribal defendants for violations of the Indian Civil Rights Act ("ICRA"), 27 U.S.C.

§ 1302.  (Docket 1 at pp. 2-3 & 9).  Bringing a claim under a federal statute which does not authorize a private cause of action will not support jurisdiction under 28 U.S.C. § 1331.  See Anthony v. Cattle National Bank & Trust Co., 684 F.3d 738, 739 (8th Cir. 2012); Lakes & Parks Alliance of Minneapolis v. Federal Transit Administration, 928 F.3d 759, 761-63 (8th Cir. 2019).  "If the asserted basis of federal jurisdiction is patently meritless, then dismissal for lack of jurisdiction is appropriate."  Biscanin v. Merrill Lynch & Co., 407 F.3d 905, 907 (8th Cir. 2005).

 Mr. Stanko's ICRA claim is without merit.  Section 1303 of Title 25 is the only remedial provision of the ICRA.  "[T]he ICRA does not impliedly authorize actions for declaratory or injunctive relief against either the tribe[] or tribal officers."  Runs After v. United States, 766 F.2d 347, 353 (8th Cir. 1985) (referencing Santa Clara Pueblo, 436 U.S. at 72).  "[A]ctions seeking  . . . relief for tribal deprivations of rights must be resolved through tribal forums."  Id. (citing Goodface v. Grassrope, 708 F.2d 335, 338 n.4 (8th Cir. 1983) (internal quotation marks omitted).

 "[T]here is no implied private right of action against tribal officers in federal court to remedy alleged ICRA violations, other than 'the habeas corpus provisions of [25 U.S.C.] § 1303.' "  Stanko II, 916 F.3d at 697 (citing Santa Clara, 436 U.S. at 62 & 70).  Mr. Stanko's complaint fails to state a claim against any defendant under ICRA.  Id.

Mr. Stanko's claims against the individual tribal defendants in Stanko III allege the following violations under 42 U.S.C. § 1983 and common law:

> Jesse Red Wing and Johnny Hussman violated Mr. Stanko's Fourth, Fifth, Eighth and Ninth Amendment rights.   (Docket 1 at p. 8 ¶ 41);
>
> Shane Richards and Jesse Red Wing "committed the common law civil wrong of assault, battery, and theft . . . and the 8th Amendment violation of 'cruel and unusual punishment' in beating the Plaintiff[.]"   Id. ¶ 42;
>
> "Jesse Red Wing, individually, and in a conspiracy with the other defendants knowingly violated Plaintiff's 4th, 5th, 6th, 8th, and 9th Federal Amendment rights and [plaintiff's] Constitutional rights[.]"   Id. ¶ 43;
>
> Jesse Red Wing, Shane Richards, Johnny Hussman and Heather Patton violated "the 4th and 5th Amendments; Article IV, Section 1 of the Federal Constitution's 'Full Faith and Credit[']; Article IV, Section 2 of the Federal Constitution[.]"   Id. ¶ 44; and
>
> Hether Patton "violated the 4th, 5th, 6th and 14th Amendments[.]"   Id. ¶ 45.

Mr. Stanko's § 1983 claims fail because he does not allege "the Individual Tribal Defendants were acting under color of state law."   Stanko II, 916 F.3d at 698 (referencing West v. Atkins, 487 U.S. 42, 49 (1988) ("acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law") (emphasis omitted; quotation omitted)).

In Stanko II, it was alleged the highway on which plaintiff's civil rights were allegedly violated was "US/BIA Highway 27 [as] maintained by the Federal Government, not the State of South Dakota."   Id.   In Stanko III, the complaint

6

alleges the highway on which plaintiff's alleged unlawful arrest occurred was "US Department of Interior highway 41 marker 34."  (Docket 1 at p. 4 ¶ 3).   There is no allegation of conduct by the named defendants occurring under color of state law as required by § 1983.   Mr. Stanko's § 1983 claims must be dismissed. Stanko II, 916 F.3d at 698.

Concerning Mr. Stanko's common law claims of assault, battery and theft, these individual capacity claims must be dismissed without prejudice for two reasons.   First, Mr. Stanko acknowledges he lives in rural Denby, South Dakota, on the Pine Ridge Indian Reservation, while maintaining a Nebraska postal box.   (Docket 1 at p. 4).   Mr. Stanko and the individually named defendants are all residents of the same state so there is no diversity of citizenship as required by 28 U.S.C. § 1332.   Second, Mr. Stanko failed to exhaust his tribal court remedies.   Stanko II, 916 F.3d at 699.

Mr. Stanko filed an objection together with a supporting affidavit seeking to avoid dismissal of his common law tort claims for failing to exhaust tribal remedies.   (Dockets 2 & 3).   His objection and affidavit berate the individually named tribal court defendants and the Tribe in general but fail to acknowledge that "[t]ribal authority over the activities of non-Indians on reservation land is an important part of tribal sovereignty."   Stanko II, 916 F.3d at 699 (citing Iowa Mutual Insurance Co. v. LaPlante, 480 U.S. 9, 18 (1987) (citations omitted).

"Article V of the Constitution of the Oglala Sioux Tribe created an independent tribal judiciary with jurisdiction over 'cases, in law and equity, arising under the . . . Constitution [and] the laws of the Oglala Sioux Tribe.' "   Id.

7

(citing OST Constitution, Art. V, Section 2).  Tribal court "jurisdiction would obviously include a civil damage action by Stanko alleging that tribal officers acting in their individual capacities under color of tribal law violated his civil rights on reservation land."  Id.  Whether Mr. Stanko approves of that jurisdiction or believes he cannot get a fair trial in tribal court is not relevant to the court's evaluation of the issues before it.

The court must recognize "the federal policy supporting tribal self-government directs a federal court to stay its hand in order to give the tribal court 'a full opportunity to determine its own jurisdiction.' "  Id. (citing Iowa Mutual Ins. Co., 480 U.S. at 16).  "Indian tribes retain inherent sovereign power . . . to exercise civil authority over the conduct of non-Indians . . . within its reservation when that conduct threatens or has some direct effect on the political integrity, the economic security, or the health or welfare of the tribe."  Id. (citing Montana v. United States, 450 U.S. 544, 565-66 (1981); referencing Strate v. A-1 Contractors, 520 U.S. 438, 456-59 (1997)).  Whether the named defendants "violated the civil rights of" Mr. Stanko "traveling on the reservation unquestionably has a direct effect on the political integrity and welfare of the Tribe."  Id. at 700.  For this reason, the court must dismiss Mr. Stanko's common law tort claims without prejudice.

**ORDER**

Based on the above analysis, it is

ORDERED that plaintiff's complaint (Docket 1) is dismissed with prejudice as it relates to the Oglala Sioux Tribe Public Safety Division of the Oglala Sioux Tribe.

IT IS FURTHER ORDERED that plaintiff's complaint (Docket 1) is dismissed with prejudice it relates as to the individually named defendants sued in their official capacities.

IT IS FURTHER ORDERED that plaintiff's complaint (Docket 1) is dismissed without prejudice as it relates to the Indian Civil Rights Act claims against the individually named defendants in their individual capacities.

IT IS FURTHER ORDERED that plaintiff's complaint (Docket 1) is dismissed with prejudice as it relates to the 42 U.S.C. §§ 1983 and 1985 claims against the individually named defendants in their individual capacities.

IT IS FURTHER ORDERED that plaintiff's complaint (Docket 1) is dismissed without prejudice as it relates to the common law tort claims of assault, battery and theft against the individually named defendants in their individual capacities.

IT IS FURTHER ORDERED that plaintiff's motion for an immediate temporary injunction hearing (Docket 7) is denied as moot.

IT IS FURTHER ORDERED that plaintiff's motion for a hearing (Docket 10) is denied as moot.

Dated January 25, 2022.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE